# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 22, 2024

```
* * * * * * * * * * * * *
CHRISTINE DeLOZIER, parent and    *    UNPUBLISHED
next friend of L.T., a minor,     *
                                  *
            Petitioner,           *    No. 15-124V
                                  *
v.                                *    Special Master Dorsey
                                  *
SECRETARY OF HEALTH               *    Attorneys' Fees and Costs.
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
                                  *
* * * * * * * * * * * * *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 9, 2015, Christine DeLozier[2] ("Petitioner"), as parent and next friend of L.T., a minor, filed a petition in the National Vaccine Injury Program[3] alleging that L.T. suffered from alopecia areata as the result of a hepatitis B vaccination administered on November 6,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] During pendency of this case, Petitioner changed her last name from Torres to DeLozier, and therefore the case caption was amended.  Order dated Feb. 1, 2019 (ECF No. 58).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

2012.  Petition at 1 (ECF No. 1).  On December 10, 2019, a ruling on entitlement issued, finding Petitioner entitled to compensation.  Ruling on Entitlement dated Dec. 10, 2019 (ECF No. 66).  A damages decision issued on August 11, 2020, awarding Petitioner $50,000.00 in actual pain and suffering.  Damages Decision dated Aug. 11, 2020 (ECF No. 75).  On August 1, 2022, the undersigned issued a ruling awarding pain and suffering, finding that in addition to the award of $50,000.00, Petitioner is entitled to receive an additional award in the amount of $70,000.00 (to reflect 2015 to present) for actual pain and suffering for a total of $120,000.00, and an award for future pain and suffering in the amount of $10,000.00 per year, reduced to net present value, for L.T.'s remaining life expectancy or until the statutory cap of $250,000.00 is met.  Ruling Awarding Pain & Suffering dated Aug. 1, 2022, at 2 (ECF No. 170).  Thereafter, a final damages decision issued on August 22, 2022.  Decision Awarding Damages dated Aug. 22, 2022 (ECF No. 173).

On August 11, 2023,[4] Petitioner filed an application for attorneys' fees and costs.  Petitioner's Application for Award of Final Attorneys' Fees and Reimbursement of Costs ("Pet. Mot."), filed Aug. 11, 2023 (ECF No. 187).  Petitioner requests compensation in the amount of $185,381.18, representing $139,400.71 in attorneys' fees and $45,980.47 in attorneys' costs.  Id. at 5; Pet. Mot., Tab A.  Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $1,159.12.  Pet. Mot., Tabs A, I.  Respondent filed his response on August 17, 2023, stating he "is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case."  Respondent's Response to Pet. Mot., filed Aug. 17, 2023, at 2 (ECF No. 189).  Petitioner did not file a reply.  The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $184,812.35.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, because Petitioner was awarded compensation, she is entitled to a final award of reasonable attorneys' fees and costs.

   A.   **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably

---

[4] Petitioner acknowledges she filed this application for fees and costs late, but argues that the trust work required in this case was not concluded until August 9, 2023.  Pet. Mot. at 2.  The undersigned will not reduce Petitioner's request for fees and costs due to the untimely filing.  See Vaccine Rule 13.

expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

i. **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard Gage, $294.86 per hour for work performed in 2013, $299.64 per hour for work performed in 2014, $300.00 per hour for work performed in 2015, $311.00 per hour for work performed in 2016, $318.00 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, $338.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $362.00 per hour for work performed in 2021, $393.00 per hour for work performed in 2022, and $422.00 per hour for work performed in 2023; for Ms. Kristen Blume, $350.00 per hour for work performed in 2019 and 2020, $355.00 per hour for work performed in 2021, and $386.00 per hour for work performed in 2022; and for Mr. Don Gerstein, $274.00 per hour for work performed in 2014.  Petitioner also requests $110.00 to $152.00 for work of her counsel's paralegals from 2013 to 2023.

The undersigned finds the rates are mostly consistent with what counsel have previously been awarded for their Vaccine Program work.  However, Ms. Blume has previously been awarded $338.00 for work performed in 2019 and Mr. Gerstein has previously been awarded $250.00 for work performed in 2014.  See, e.g., Schettl v. Sec'y of Health & Hum. Servs., No. 14-422V, 2022 WL 2912666, at *2 (Fed. Cl. Spec. Mstr. June 30, 2022); Roscoe ex rel. B.R. v.

3

Sec'y of Health & Hum. Servs., No. 11-206V, 2021 WL 3746782, at *2 (Fed. Cl. Spec. Mstr. July 30, 2021).  This results in a reduction of $325.20.[5]

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds a reduction in the total number of hours billed to be reasonable and necessary.  Counsel engaged in duplicative and excessive billing where multiple attorneys and paralegals billed for attending the same conferences or meetings or completing the same task on the same day.[6]  Additionally, counsel billed for non-compensable tasks such as filing.[7]  These are not new issues to counsel.  See, e.g., Schettl, 2022 WL 2912666, at *2; Roscoe, 2021 WL 3746782, at *2.  The undersigned will reduce fees by 1%, resulting in a reduction of $1,390.75.[8]

### B. Attorneys' Costs

Petitioner requests a total of $45,980.47 in attorney's costs.  This amount is comprised of the filing fee, acquiring medical records, copies, shipping costs, costs related the hearing, expert costs, and guardianship costs.  The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, Petitioner shall be awarded attorney costs in full.

---

[5] For 2019, Ms. Blume billed 13.5 hours.  13.5 x ($350.00 - $338.00) = $162.00.  Mr. Gerstein billed 6.8 hours in 2014.  6.8 x ($274.00 - $250.00) = $163.20.

[6] For example, see entries dated November 14, 2016; November 21, 2018; February 6, 2019; May 31, 2019; July 26, 2019; July 31, 2019; February 13, 2020; March 5, 2020; July 2, 2020; August 11, 2020; August 14, 2020; May 24, 2021; and April 26, 2022.  This is not an exhaustive list.

[7] For example, see entries dated October 10, 2013 (bate stamping exhibits); January 24, 2014 (creating binder); February 6, 2015 ("filed case"); November 14, 2016 ("Filed JSR"); September 27, 2017 ("Updated exhibit binder.  Upload file to drop box . . . ."); October 26, 2017 ("Filed Joint Status Report"); July 17, 2020 ("Filed reply memo"); and June 20, 2022 ("Created binder").  This is not an exhaustive list.

[8] $139,400.71 - $325.20 = $139,075.51 x 0.01 = $1,390.75.

C.  **Petitioner's Costs**

Petitioner requests costs of $1,159.12 that were personally incurred. Pet. Mot., Tab I. The undersigned has reviewed the requested costs and finds them to be largely reasonable. However, Petitioner's receipts contain purchases of alcohol and "[t]he Vaccine Program does not reimburse for alcoholic beverages." Van Vessem v. Sec'y of Health & Hum. Servs., No. 11-132V, 2018 WL 3989517, *11 (Fed. Cl. Spec. Mstr. July 3, 2018). This results in a reduction of $12.00.

II. **CONCLUSION**

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $139,400.71 |
|---|---|
| (Total Reduction from Billing Hours) | - $1,715.95 |
| **Total Attorneys' Fees Awarded** | **$137,684.76** |
| | |
| Attorneys' Costs Requested | $45,980.47 |
| **Total Attorneys' Costs Awarded** | **$45,980.47** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$183.665.23** |
| | |
| Petitioner's Costs Requested | $1,159.12 |
| (Total Reduction from Petitioner's Costs) | - $12.00 |
| **Total Petitioner's Costs Awarded** | **$1,147.12** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $183.665.23, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Richard Gage.**

**A lump sum in the amount of $1,147.12, representing reimbursement for reasonable costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

  **IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.